IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVINCHE JAVON ALBRITTON,

       Petitioner,

    v.                            **CIVIL ACTION NO. 2:16cv737**

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

       Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner DeVinche Javon Albritton's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("the Respondent") Motion to Dismiss, ECF No. 8. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 1999, the victim contacted Virginia Beach Police and reported that a stranger had abducted and raped her as she walked from her residence to work. ECF No. 1, attach. 1 at 1. According to the factual findings of the Virginia Court of Appeals,

> After the incident, the victim continued to walk to work and she failed to report the incident to police officers parked in a nearby parking lot. The victim testified that, after [Petitioner] raped her, he asked to see her identification, he recited her address out loud to her, told her that he knew where she lived, and told her not to tell anyone. The victim explained that she did not report the incident to the nearby police officers because she was afraid as she did not know if [Petitioner] was watching her and he knew where she lived. The victim testified she walked to work because she knew she would be safe there. Upon arriving at work, the victim immediately told co-workers what had happened and they called the police.

ECF No. 1, attach. 1 at 5. The victim went to the hospital and a sexual assault nurse examiner ("SANE")[1] named Kathryn McDonald ("Nurse McDonald") examined the victim and collected biological samples from the victim. ECF No. 1, attach. 1 at 1, 3. At that time, the State laboratory policy was to only develop DNA profiles from biological evidence when there was a known suspect. ECF No. 1, attach. 1 at 1. Because the victim did not know her rapist, no suspect was developed. The matter remained unsolved until January 2010, when the "cold case" was assigned to an investigator and a subsequently performed DNA analysis indicated that Petitioner could not be eliminated as a possible contributor of the samples. ECF No. 1, attach. 1 at 1.

On November 1, 2010, Petitioner was charged in Virginia Beach Circuit Court by grand jury indictment with one count of Abduction with the Intent to Defile, in violation of Virginia

---

[1] *See True v. Johnson*, No. 3:10CV91-HEH, 2011 WL 1085887, at *2 (E.D. Va. Mar. 18, 2011) (using "SANE" as an abbreviation for a sexual assault nurse examiner).

Code §§ 18.2-48 and 18.2-10; one count of Rape, in violation of Virginia Code § 18.2-61; and one count of Forcible Sodomy, in violation of Virginia Code § 18.2-67.1. An arrest warrant was issued and executed on November 17, 2010 at the Lawrenceville Correctional Facility where he was serving a sentence for his April 25, 2005 conviction in the Virginia Beach Circuit Court for Rape and Abduction. Circuit Court R. at 24 (Commonwealth's January 19, 2011 Notice). On November 18, 2010, Petitioner came before the Virginia Beach Circuit Court and was found to be indigent, but was permitted to exercise his right to self-representation, so the Public Defender's Office was appointed as standby counsel.

Petitioner's first trial occurred between March 26 and March 28, 2012, and Petitioner represented himself. At the conclusion of the Commonwealth's case, the Circuit Court acquitted Petitioner of the charge of Forcible Sodomy, but denied Petitioner's Motion to Strike the Commonwealth's evidence as to the charge of Abduction with the Intent to Defile. Virginia Beach Circuit Court R. at 262-65. On March 28, 2012 the jury announced in open court that it was unable to reach a verdict as to the remaining charges (Rape and Abduction with Intent to Defile) and was discharged. Virginia Beach Circuit Court R. at 261, 265. The second trial commenced on or about April 22, 2013 and lasted until April 24, 2013. Again, Petitioner represented himself with the assistance of standby counsel. On April 24, 2013, the jury found Petitioner guilty of both Rape and Abduction with the Intent to Defile. Thereafter, the Circuit Court accepted the jury's sentencing recommendation and sentenced Petitioner to life imprisonment for Rape and thirty (30) years for the Abduction with Intent to Defile, plus a Twenty-five Thousand Dollar ($25,000.00) fine. ECF No. 10 at 1, ¶ 1. Accordingly, Petitioner is detained pursuant to a final judgment of the Virginia Beach Circuit Court entered on May 1, 2013. ECF No. 10 at 1, ¶ 1.

Petitioner appealed his convictions to the Court of Appeals of Virginia on the following five grounds: (1) that the trial court erred in refusing to admit a June 1, 2011 Order granting Petitioner leave to obtain a large scale aerial map; (2) that the trial court erred in refusing to allow Petitioner to use the June 1, 2011 Order as a means of refreshing a witness' recollection; (3) that the trial court erred in denying Petitioner's Motion in Limine to exclude the testimony of Nurse McDonald; (4) that the trial court erred in allowing a witness offered under the "recent complaint" statute to testify beyond the scope of the rule; and (5) that the trial court erred in refusing Petitioner's proffered jury instruction on the issue of the victim's credibility. ECF No. 1, attach. 1.   Gregory K. Pugh, Esquire, ("Appellate Counsel") was initially appointed as appellate counsel for Petitioner, but shortly thereafter Appellate Counsel was "directed to file a motion to withdraw as counsel in that [Petitioner] desired to represent himself." ECF No. 10, attach. 1 at ¶¶ 1, 6. *See also* ECF No. 2 at 11 ("However, shortly after sentencing, [Petitioner] was transported back to the Virginia Department of Corrections, Lawrenceville Corr. Center, prompting him to request Mr. Pugh to file a Motion to Withdraw from his case, and that he filed his own motion to represent himself on Direct appeal."). Notwithstanding Petitioner's instruction that Appellate Counsel withdraw his representation, Petitioner "continued to 'direct' [Appellate Counsel] in regards to the content of his petitions and briefs," and Appellate Counsel "raised and argued each and every issue that was even remotely properly preserved at the trial court." ECF No. 10, attach. 1 at ¶¶ 6-8. *See also* ECF No. 2 at 11-12 ("Mr. Pugh thereafter prepared and filed Albritton's Petition for Appeal, wherein counsel raised a total of five assignments of error."); ECF No. 2 at 13 ("Thereafter, on May 16, 2014, Appellate Counsel Pugh filed Albritton's Petition for Appeal to the Virginia Supreme Court. . .").

A single Court of Appeals jurist denied Petitioner's appeal on January 15, 2014, ECF No. 1, attach 1, and a three judge panel of the same court also denied the same on April 15, 2014, ECF No. 10 at 2, ¶ 3.  Petitioner also filed a petition for appeal in the Supreme Court of Virginia, which was denied on January 7, 2015, as was a petition for rehearing.  ECF No. 1, attach. 2; ECF No. 1, attach. 3.  On February 17, 2016, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, wherein Petitioner raised substantially all of the claims raised in the instant Petition, which the Supreme Court of Virginia denied on November 18, 2016.  ECF No. 1, attach. 4.

Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief on December 23, 2016, wherein he raised the following nine grounds: (1) that the trial court wrongly disallowed materials to refresh a witness's memory; (2) that appellate counsel was ineffective for not properly arguing that the trial court abused its discretion with respect to allegation (1); (3) That the Commonwealth's expert witness gave inadmissible testimony; (4) that the Commonwealth failed to turn over a copy of Virginia's SANE protocol; (5) that Petitioner's appellate counsel was ineffective for not arguing the matter set forth in allegation (4); (6) that the Commonwealth wrongly introduced hearsay evidence; (7) that the trial court wrongly denied Petitioner's proffered jury instructions that would have supported his defense theory; (8) that Petitioner's appellate counsel was ineffective for not raising the matters set forth in allegation (7); and (9) that cumulative error violated Petitioner's right to a fair trial.  ECF No. 2 at 1-2.

On March 20, 2017, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice.  ECF Nos. 8-10.  Petitioner filed a Response on May 12, 2017.  ECF No. 15.  Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted his claims. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Here, Petitioner raised all of the present claims in his state habeas petition before the Supreme Court of Virginia. *See* ECF No. 1, attach. 4. Additionally, this Court notes that the Respondent concedes that all nine of Petitioner's current claims have been properly exhausted. *See* ECF No. 10 at 2, ¶ 3. Accordingly, the undersigned **FINDS** that Petitioner has properly exhausted his state remedies with respect to Claims 1-9 of the Petition.

## B. Standards of Review

28 U.S.C. § 2254(d)

With respect to those claims that were adjudicated by the State court on their merits, habeas relief is warranted only if Petitioner can demonstrate that the adjudication of his claims by the State courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fair-minded jurists could disagree" on the correctness of the State court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA[2], § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin,* 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the State court applies a rule different from the governing law set forth in Supreme

---

[2] Antiterrorism and Effective Death Penalty Act of 1996

Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id*. at 405-06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[3] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). *See also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (explaining

---

[3] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying State court decision on the merits was the Supreme Court of Virginia's November 18, 2016 decision on Petitioner's State habeas petition. *See* ECF No. 1, attach. 4.

that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Ineffective Assistance of Counsel

Here, as in *Premo*, because there is no allegation that the State courts decided Petitioner's State habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo v. Moore*, 562 U.S. 115, 121 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1)). *See also Strickland v. Washington*, 446 U.S. 668 (1984). Generally, to have been entitled to habeas relief in State court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his defense counsel provided deficient assistance, and that he was prejudiced as a result of counsel's deficiency. *Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 446 U.S. at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's

9

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the State court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))) (internal citations omitted). *See also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)).

Additionally, "[d]ue process of law also requires that a defendant receive effective assistance of counsel on direct appeal," thus, "[a]s with trial counsel, effectiveness of appellate counsel is evaluated under the two prongs of *Strickland*." *Beyle v. United States*, 269 F. Supp.

3d 716, 727 (E.D. Va. 2017) (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985); *Smith v. Robbins*, 528 U.S. 259, 285 (2000)) (internal citations omitted). Therefore, the Supreme Court has held that when considering the "effectiveness of appellate counsel, a court must evaluate whether counsel failed to raise 'a particular nonfrivolous issue [that] was clearly stronger than issues that counsel did present' on direct appeal." *Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "However, appellate counsel 'need not (and should not) raise every nonfrivolous issue.' . . . Accordingly, although 'it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent.'" *Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Jones v. Barnes*, 463 U.S. 745, 752–53 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments.")) (internal citations omitted). Regarding *Strickland*'s prejudice prong as applied to appellate counsel, "a petitioner must show a reasonable probability that, but for [appellate] counsel's unprofessional errors, his appeal would have been successful." *Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (citing *Smith v. Robbins*, 528 U.S. 259, 285-86, 288 (2000)).

With these standards in mind, the undersigned now turns to the merits of the Petition.

**C. Facts and Findings of Law**

    1. Claim 1

In Claim 1, Petitioner alleges that the Virginia Beach Circuit Court ("the Trial Court") erroneously prevented Petitioner from using a June 1, 2011 Circuit Court Order to refresh a witness' recollection. *See* ECF No. 2 at 1, 15-17. The Virginia Court of Appeals describes part of the factual background giving rise to this Claim, stating that:

[Petitioner] called Susan Smith, his standby counsel during his first trial, as a witness. When asked by [Petitioner] if she recalled being directed to obtain a large scale aerial map of the area and the victim's point of origin, Smith responded that she had no independent recollection without her file. [Petitioner] then asked Smith to review the June 1, 2011 order, and Smith testified it was an order related to several pre-trial motions from his first trial. The trial court sustained the Commonwealth's objection to the admission into evidence of the June 1, 2011 order and determined that the order was not relevant.

ECF No. 1, attach. 1 at 3. Additionally, as the Court of Appeals recounted, in the second trial, Petitioner again attempted to use the same June 1, 2011 order to refresh the recollection of a different defense witness, Angela Williams, who claimed a "total loss of memory" while on the stand. *See* ECF No. 2 at 17. *See also* ECF No. 1, attach. 1 at 1-2 ("At his second trial, [Petitioner] called Angela Williams, an investigator with the office of the public defender, as a witness and asked her about the aerial map. Williams testified that she obtained the aerial map in 2011, but did not recall why she obtained the map.").

In denying this Claim on direct appeal, the Virginia Court of Appeals held that Petitioner's failure to argue that he needed to use the June 1, 2011 order to refresh a witness' recollection rendered his claim procedurally barred, and that Petitioner failed to identify any reason or good cause to invoke the ends of justice exceptions to Rule 5A:18. ECF No. 1, attach. 1 at 3. *See also Redman v. Commonwealth*, 25 Va. App. 215, 218, 487 S.E.2d 269, 271 (1997) ("Rule 5A:18 provides that '[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.'"). See also ECF No. 10 at 9 ("A review of the testimony of defense witnesses Susan Smith and Angela Williams reflects that [P]etitioner did not preserve [Claim 1] at trial.") (citing Trial Transcript at 398-420).

Virginia jurisprudence interpreting this Rule makes clear that "[u]nder Rule 5A:18, we do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary situations to attain the ends of justice." *Redman v. Commonwealth*, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) ("The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice.") (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). The burden of establishing such an extraordinary situation, especially in this case where the allegation of error was unpreserved in the Trial Court, rests squarely with Petitioner. *See Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (explaining that in order to avail oneself of the exception, the proponent thereof must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred). Here, Petitioner has failed to establish this affirmative burden, and therefore, this Court is without jurisdiction to consider the claim. *See* ECF No. 1, attach. 4 at 2 (Supreme Court of Virginia holding that this claim was barred because the issue was raised and decided in the Trial Court and on direct appeal, and therefore, cannot be raised in a habeas corpus petition) (citing *Henry v. Warden*, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003)).

Accordingly, the undersigned finds this Claim to be without merit and **RECOMMENDS** that Claim 1 be **DISMISSED**.

2. Claim 2

In Claim 2, Petitioner contends that Appellate Counsel provided Petitioner with constitutionally deficient representation based on Appellate Counsel's alleged failure to raise the

on appeal the Trial Court error encapsulated by Claim 1, as discussed in the immediately preceding section. *See* Part II.C.1, *supra*. *See also* ECF No. 2 at 1, 18-19. As an initial matter, Claim 2 fails to address the *Strickland* prejudice prong by failing to particularly identify how the outcome of Petitioner's appeal would have been different but for Appellate Counsel's failure to raise this specific argument. Such an affirmative showing is required of a habeas petitioner seeking habeas relief on the grounds of ineffective assistance of appellate counsel. *See Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (discussing *Strickland*'s prejudice prong as applied to appellate counsel such that "a petitioner must show a reasonable probability that, but for [appellate] counsel's unprofessional errors, his appeal would have been successful") (citing *Smith v. Robbins*, 528 U.S. 259, 285-86, 288 (2000)). *See also Sigmon v. Dir. of Dep't of Corr.*, 285 Va. 526, 535, 739 S.E.2d 905, 910 (2013) (where a petitioner "failed to provide affidavits or other evidence to show [for example,] what additional trial strategies and defenses were available if counsel had met with him more often and engaged in additional trial preparation; what additional investigation of the charges would have revealed," the petitioner failed to establish *Strickland*'s prejudice prong, i.e., that the outcome would have been different but for counsel's errors); *Muhammad v. Warden of Sussex I State Prison*, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) ("Petitioner does not articulate a factual basis to support this claim and does not identify with specificity any act or omission of counsel which was objectively unreasonable. Furthermore, petitioner does not attempt to demonstrate how these failures were prejudicial."). Notably, and as observed by the Supreme Court of Virginia when denying Petitioner's State habeas petition based on this ground, that

> [A]ppellate [C]ounsel did argue on appeal that the trial court erred in denying petitioner the opportunity to refresh Williams' and Smith's recollections with the court order. The Court of Appeals applied Rule 5A:18, the Court of Appeals' contemporaneous objection rule, and refused to consider the Assignment of Error

> under which counsel raised these arguments. Counsel challenged that ruling on
> appeal to this Court.  Petitioner has not identified how counsel might have
> avoided the Court of Appeals' application of Rule 5A:18.

ECF No. 1, attach. 4 at 2.  Based on these circumstances, the Supreme Court of Virginia's

decision was not unreasonable, and for the aforementioned reasons, the undersigned

**RECOMMENDS** that Claim 2 be **DISMISSED**.

### 3. Claim 3

In Claim 3, Petitioner argues that the Commonwealth's expert witness was permitted to

give unreliable inadmissible testimony. *See* ECF No. 2 at 1, 20-23.  The Respondent argues that

this Claim should be denied for two reasons.  ECF No. 10 at 11.  First, Claim 3 "raises a mere

state law evidentiary issue and is not reviewable on federal habeas."  ECF No. 10 at 11.  Second,

even if Claim 3 was sufficient to "raise a federal constitutional issue, the Court of Appeals'

ruling on direct appeal was reasonable under Section 2254(d)."  ECF No. 10 at 11.  The

undersigned agrees.  In pertinent part, the Virginia Court of Appeals summarized this argument,

stating:

> [Petitioner] argues the trial court erred in denying his motion in limine to exclude
> the testimony of Kathryn McDonald, the sexual assault nurse examiner, because
> her opinion concerning the victim's injuries was inadmissible as a matter of fact
> and law.  Appellant contends that McDonald failed to consider all the variables
> that bear upon the inference to be deduced from the facts observed since
> McDonald failed to ask the victim whether she had sexual intercourse with her
> husband shortly before the incident.

ECF No. 1, attach. 1 at 3.  However, the Court of Appeals rejected this challenge, finding that

> McDonald conducted the SANE examination of the victim in 1999.  McDonald
> was qualified as an expert without objection.  During cross-examination,
> [Petitioner] asked McDonald whether she failed to consider all variables of the
> victim's prior sexual history and McDonald responded that she asked the victim
> all relevant questions according to the guidelines in place in 1999 for a SANE
> examination- Whether McDonald failed to ask the victim if she had sexual

> intercourse with her husband shortly before the incident went to the weight of
> McDonald's testimony and not to its admissibility. The trial court did not abuse
> its discretion in admitting McDonald's testimony into evidence.

ECF No. 1, attach. 1 at 3. See also *Turner v. Commonwealth*, No. 0067-16-1, 2017 WL 83642, at *3 (Va. Ct. App. Jan. 10, 2017) ("Determining the credibility of the witnesses and the weight afforded their testimony are matters left to the fact finder, who has the ability to hear and see them as they testify.") (citing *Commonwealth v. Taylor*, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998); *Swanson v. Commonwealth*, 8 Va. App. 376, 378–79, 382 S.E.2d 258, 259 (1989)).

Upon consideration of this claim in Petitioner's State habeas proceeding, the Supreme Court of Virginia determined that this claim was barred because the issue was raised and decided in the Trial Court and on direct appeal, and therefore, could not be raised in a habeas corpus petition. ECF No. 1, attach. 4 at 2 (citing *Henry v. Warden*, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003)). Notwithstanding this procedural bar, the undersigned FINDS that Claim 3 amounts to a meritless claim, and "the Supreme Court of Virginia's rationale for denying his petition was not contrary to federal law, nor did it involve an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence." *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *2 (E.D. Va. Mar. 30, 2010). Accordingly, the undersigned **RECOMMENDS** that Claim 3 be **DENIED**.

### 4. Claim 4

In Claim 4, Petitioner argues that the Commonwealth improperly failed to provide Petitioner with a copy of the Virginia SANE protocol. *See* ECF No. 2 at 1, 29-35. As articulated by the Supreme Court of Virginia in its dismissal of Petitioner's State habeas petition,

> Petitioner describes that, although he requested the Commonwealth provide him
> with a copy of the protocol, the Commonwealth responded it was unavailable.
> Petitioner claims he learned the protocol was available while his direct appeal was
> pending in this Court. Petitioner hired a private investigator, who confirmed the

protocol is readily accessible with a commonly available internet search engine, Google. Petitioner claims, therefore, that the Commonwealth did not conduct a sufficient search when attempting to fulfill his request for the protocol and, instead, incorrectly assured him the protocol was not available. The Court holds that claim (4) is barred under *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975), because petitioner's claims necessarily acknowledge the protocol was publically available and easily discovered at the time of his trial.

ECF No. 1, attach. 4 at 3 (citing *Porter v. Warden,* 283 Va. 326, 330, 111 S.E.2d 534, 541 (2012) (holding *Brady* claim procedurally barred because the allegedly withheld evidence was available to the petitioner in public records)). In light of *Porter*, the undersigned finds that the Supreme Court of Virginia's determination to be reasonable and not contrary to established law on the subject, and therefore this claim is not only procedurally barred, but also meritless in susbtance, therefore entitling Petitioner to no relief on this ground. [4]   Accordingly, the undersigned **RECOMMENDS** that Claim 4 be **DENIED**.

     5.  Claim 5

In Claim 5, Petitioner seeks federal habeas relief on the grounds that Appellate Counsel was ineffective for not challenging the prosecution's failure to provide Petitioner with a copy of the SANE protocol, as substantively alleged and addressed in the immediately preceding section. *See* Part II.C.4, *supra*. *See also* ECF No. 2 at 2, 35-36. As an initial matter, Petitioner has not affirmatively established that he preserved this issue in the Trial Court by objecting to the Commonwealth's alleged failure to provide the SANE protocol to the defense. Although the record is clear that Petitioner repeatedly requested the provision of such, it is unclear that Petitioner ever formally objected to the Commonwealth's inability or unwillingness to do so.

---

[4] The Court's disposition of this matter also informs the undersigned's denial of Petitioner's Motion for Reconsideration seeking Trial Transcripts that Petitioner claims are central to this claim. *See* Part II.D, *infra*.

Additionally, Petitioner has failed to assist the Court in its endeavor by pointing to specific references of such.

Assuming *arguendo*, that this Claim was properly preserved, the result is unchanged because Petitioner cannot establish either *Strickland* prong as applied to Appellate Counsel. Petitioner has not established the strength of this appellate argument over one of the arguments that Appellate Counsel actually pursued. Indeed, the undersigned finds that this task would be significantly hampered by the fact that the substantive claim is without merit, as previously discussed in the undersigned's recommendation regarding Claim 4. *See* Part II.C.4, *supra*. Further compounding the weakness of the substantive claim is the fact that Petitioner "has not alleged facts indicating the Commonwealth intentionally or inadvertently 'withheld' the protocol in violation of [P]etitioner's due process rights." ECF No. 1, attach. 4 at 3 (citing *Hicks v. Dir., Dep't of Corr.*, 289 Va. 288, 299, 768 S.E.2d 415, 420 (2015) (listing elements of a *Brady* violation)).

Appellate Counsel was under no requirement to raise every single, potentially meritorious claim, therefore he certainly was not required to raise an arguably meritless one. *See Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (explaining that on appeal, in order to provide effective assistance, counsel need not (and should not) raise every non-frivolous issue) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000); citing *Jones v. Barnes*, 463 U.S. 745, 752–53 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments.")) (internal citations omitted). When challenging the performance of appellate counsel under the *Strickland* prejudice prong, "a petitioner must show a reasonable probability that, but for [appellate] counsel's unprofessional errors, his appeal would have been successful." *Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (citing *Smith v. Robbins*, 528 U.S. 259,

285-86, 288 (2000)).  Petitioner has failed to make this connection between Appellate Counsel's allegedly defective performance and actual prejudice suffered by Petitioner. Accordingly, the undersigned finds that the claim is meritless, the State court's denial of this claim was not unreasonable, and **RECOMMENDS** that Claim 5 be **DISMISSED**.

### 6.  Claim 6

In Claim 6, Petitioner argues that the Virginia Beach Circuit Court erred by permitting a former co-worker of the victim, who saw the victim after the rape occurred, to testify as to matters beyond the timing and circumstances of the victim's reported sexual assault and beyond what was permitted under the hearsay exception, in violation of Petitioner's various constitutional rights. ECF No. 2 at 2, 37-40.  The Court's consideration of this claim necessarily engenders inquiry into "the proper interpretation of the 'recent complaint' exception to the rule against hearsay in cases of sexual assault set forth at section 19.2–268.2 of the Virginia Code." *True v. Johnson*, No. 3:10CV91-HEH, 2011 WL 1085887, at \*6 (E.D. Va. Mar. 18, 2011). Section 19.20268.2 provides:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault under Article 7 (§ 18.2–61 et seq.) of Chapter 4 of Title 18.2, a violation of §§ 18.2–361, 18.2–366, 18.2–370 or § 18.2–370.1, the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

Va. Code § 19.2–268.2.  In the Fourth Circuit, because disposition of this claim "rests upon how the Virginia courts interpret the relevant state evidentiary rules, it is appropriate to turn directly to the Supreme Court of Virginia's disposition of this claim."  *True v. Johnson*, No. 3:10CV91-HEH, 2011 WL 1085887, at \*6 (E.D. Va. Mar. 18, 2011) (citing *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (reversing district court's "misguided" conclusion that it could determine

state court had incorrectly decided state law evidentiary issue in granting relief upon an ineffective assistance of counsel claim)). The Supreme Court of Virginia has interpreted this exception in a manner consistent with the plain language thereof. *See e.g., Cartera v. Commonwealth*, 219 Va. 516, 518, 248 S.E.2d 784, 786 (1978) ("Under a rule unique to rape cases, evidence of an out-of-court complaint by an alleged rape victim is admissible, not as independent evidence of the offense, but as corroboration of the victim's testimony[.]"); *Breeden v. Commonwealth*, 43 Va. App. 169, 185, 596 S.E.2d 563, 571 (2004) ("Code § 19.2–268.2 limits the admissibility of evidence concerning recent complaints of sexual assault to corroboration purposes only and proscribes its use as independent evidence."). In rejecting this specific claim on direct appeal, the Court of Appeals stated

> Stephanie Kubacki testified she worked with the victim and she saw the victim when the victim arrived at work after the incident. Kubacki described the victim's appearance, the condition of the victim's clothing, and the victim's emotional state. Kubacki also testified she knew the victim from high school. When the Commonwealth asked Kubacki if she knew the victim's husband, [Petitioner] objected and argued that Kubacki could only testify as to evidence regarding the victim's recent complaint of a sexual assault. The trial judge overruled the objection and stated that Kubacki was not necessarily a witness only for the recent complaint evidence. In response to questions by the Commonwealth, Kubacki testified she knew the victim's husband and she was not aware of the victim being unfaithful to her husband. Appellant's defense was that the victim fabricated the rape allegation to hide the fact she received money and drugs from him in exchange for consensual sexual intercourse.

ECF No. 1, attach. 1 at 4. Recent case law examining this issue makes clear that "[a] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Johnson v. Clarke*, No. 1:13CV423 LO/IDD, 2014 WL 3697405, at *9 (E.D. Va. July 23, 2014) (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (*per curiam*) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). "Thus,

the state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts." *Johnson v. Clarke*, No. 1:13CV423 LO/IDD, 2014 WL 3697405, at *9 (E.D. Va. July 23, 2014) (dismissing claim where Virginia Supreme Court held evidence to be admissible under "recent complaint" hearsay exception) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)).

Notwithstanding this clear mandate, the merits of this claim are wholly lacking. The Court finds that both the Trial Court and the Court of Appeals' overruling of this objection were reasonable applications of well-established evidentiary principles.   As the Virginia Court of Appeals noted,

> Evidence is relevant if it has any logical tendency to prove an issue in a case. Relevant evidence may be excluded only if the prejudicial effect of the evidence outweighs its probative value. The question whether the prejudicial effect of evidence exceeds its probative value lies within the trial court's discretion.

ECF No. 1, attach. 1 at 4 (quoting *Goins v. Commonwealth*, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996) (citation omitted)).   Thus, there is a presumption of admissibility of relevant evidence.   Here, Kubacki, a co-worker of the victim, testified about the circumstances immediately after the victim's sexual assault and her subsequent report thereof, which corroborated the victim's testimony that she went straight to work and shortly after arrival, reported the incident to her co-workers.   Thus, any testimony from Kubacki regarding the victim's verbalized complaint of sexual assault after its occurrence "was admissible, not as independent evidence, but 'for the purpose of corroborating the testimony of the complaining witness.'" *Wilson v. Commonwealth*, 46 Va. App. 73, 87, 615 S.E.2d 500, 507 (2005) (citing *Breeden v. Commonwealth*, 43 Va. App. 169, 185, 596 S.E.2d 563, 571 (2004) ("Code § 19.2–268.2 limits the admissibility of evidence concerning recent complaints of sexual assault to corroboration purposes only and proscribes its use as independent evidence.")).   Without the

hearsay exception provided by Section 19.2-268.2, the victim's prior out of court statements regarding the occurrence, (but not details of) the rape, as recounted by Kubacki, and if offered to prove the truth of the matter asserted, would be inadmissible hearsay. *See Mayberry v. Commonwealth*, 66 Va. App. 93, 99, 782 S.E.2d 599, 602 (2016) (cautioning "it is only the fact of the complaint that is admissible, not the details of the complaint") (citing *Breeden v. Commonwealth*, 43 Va. App. 169, 185, 596 S.E.2d 563, 571 (2004)). Equally relevant, however, was Kubacki's testimony in response to inquiry by the prosecution regarding the victim's husband because of the probative value of such testimony in challenging Petitioner's defense theory, namely, that the victim fabricated the rape allegation to prevent her husband from finding out about the adulterous affair between Petitioner and the victim. *See Goins v. Commonwealth*, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996) (remarking that "[e]vidence is relevant if it has *any* logical tendency to prove an issue in a case") (emphasis added).

Therefore, the State court's disposition of this claim was not unreasonable, the claim is meritless, and the undersigned **RECOMMENDS** that Claim 6 be **DISMISSED**.

### 7. Claim 7

In Claim 7, Petitioner argues that the trial court erred in failing to give jury instructions proposed by Petitioner regarding the credibility of the victim and the quality of the police investigation giving rise to Petitioner's charges. ECF No. 2 at 2, 41-42. The Supreme Court of Virginia dismissed this claim as barred because it was raised and decided in the Trial Court and on direct appeal. ECF No. 1, attach. 4 at 2 (citing *Henry v. Warden*, 265 Va. 246, 249, 576 S.E.2d 495, 496 (Va. 2003)). In rejecting this claim on direct appeal, the Virginia Court of Appeals held

> In denying [Petitioner's] instruction, the trial judge found that the victim's complaint to her co-workers was very recent. The trial judge instructed the jury

using a model instruction[5], which was more accurate than [Petitioner's] proffered instruction[6] because the victim immediately told co-workers that she was sexually assaulted and there was no evidence the victim delayed in reporting the incident.

ECF No. 1, attach. 1 at 6.

This Court may not review claims which have been procedurally defaulted in state court. *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *1 (E.D. Va. Mar. 30, 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)). Claim 7 was "procedurally defaulted in the Supreme Court of Virginia because [it was] raised and rejected on procedural grounds at trial and on direct appeal. . . . Thus, since Petitioner's claims were procedurally defaulted in state court, they are likewise defaulted for the purposes of federal habeas review." *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *1 (E.D. Va. Mar. 30, 2010) (citing *Henry v. Warden*, 265 Va. 246, 576 S.E.2d 495, 496 (Va. 2003); *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975); *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)) (internal citations omitted).

Additionally, the undersigned notes that in the Petitioner's submission of "Grounds for Federal Habeas Review and Relief" (ECF No. 2), Petitioner repeatedly references three proposed jury instructions proposed by Petitioner that were rejected by the Trial Court. ECF No. 2 at 41-42. To the extent that the Petition attempts to allege error regarding the two jury instructions concerning the allegedly "inept police investigation" and the effect that such ineptitude would

---

[5] The Model Instruction provided: "[t]he Court instructs the jury that the fact that the person injured made Complaint of the offense recently after the commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness." ECF No. 1, attach. 1 at 5.

[6] Petitioner's proffered instruction provided:

> The Court instructs the jury that the evidence of a recent complaint of sexual assault, such as this, is admissible and you may consider it but only for the purpose of corroborating the other evidence in the case. It is not independent evidence from the act itself. It is purely corroborative in nature, and that is the only basis upon which you can receive it. Questions of timeliness and how much time took place to make a report is a matter for you to consider as you weigh the evidence and the credibility of the evidence.

ECF No. 1, attach. 1 at 5.

have on delivering a reliable determination of guilt, the undersigned finds that the Virginia Supreme Court's disposition of this claim of error bars this Court's further inquiry into the matter. *See* ECF No. 1, attach. 4 at 4 ("In another portion of claim (7), petitioner contends the trial court erred in denying two of his proffered jury instructions regarding law enforcement's purportedly incomplete investigation of petitioner's crimes. Petitioner argues the instructions were proper because the evidence at trial demonstrated the police did not direct the sexual assault nurse who examined petitioner's victim to screen the victim for illicit drugs or ask about her recent sexual partners. The Court holds that this portion of claim (7) is barred because this non-jurisdictional issue could have been raised during the direct appeal process and, thus, is not cognizable in a petition for a writ of habeas corpus.") (citing *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975)).  Accordingly, the undersigned **RECOMMENDS** that Claim 7 be **DISMISSED**.

### 8.  Claim 8

In Claim 8, Petitioner alleges ineffective assistance of Appellate Counsel for failing to challenge the Trial Court's refusal to give the two proffered jury instructions regarding ineptitude of the police investigation, as referenced in the undersigned's discussion of Claim 7. *See* Part II.C.7, *supra*.[7]  *See also* ECF No. 2 at 2, 43-44.  While the record provides a recitation of Petitioner's proffered jury instruction regarding the victim's credibility, there does not appear to be a similar reproduction of either of the two other jury instructions that Petitioner claims were improperly rejected by the Trial Court.  However, this lack of reproduction is of no moment because this Claim lacks merit.  The Supreme Court of Virginia held that Petitioner established neither the performance nor prejudice prong of *Strickland* as applied to Appellate Counsel's

---

[7] The Court notes that Claim 8's allegation of ineffective assistance of Appellate Counsel regarding the failure to appeal the two rejected "police ineptitude" jury instructions operates as a tacit admission that such instructions were not actually presented on appeal., thus undermining the basis of Claim 7.

performance. *See* ECF No. 1, attach. 4 at 4-5 ("The record, including the petitions for appeal to the Court of Appeals and to this Court, demonstrates counsel argued on appeal that the circuit court abused its discretion in denying petitioner's proposed jury instruction regarding how the jury might consider the manner in which petitioner's victim reported his attack. This issue was one of five counsel raised on appeal, and petitioner has not identified how any of the issues counsel chose were appreciably weaker than the jury instruction issue petitioner claims counsel should have raised. . . . Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.") (citing *United States v. Mason*, 774 F.3d 824, 828-29 (4th Cir. 2014) ("Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit. . . . As a general matter, only when ignored issues are clearly stronger than those presented should we find ineffective assistance for failure to pursue claims on appeal.")) (internal quotation marks and citation omitted).

Crucially, and as highlighted by the Supreme Court of Virginia, in asserting Claim 8, Petitioner fails to identify which of the five other issues (including an allegation of error regarding at least one proposed and rejected jury instruction) were weaker or less meritorious than the allegation of error regarding the two "police ineptitude" jury instructions. This failure is fatal to Claim 8 because the Supreme Court has held that when considering the "effectiveness of appellate counsel, a court must evaluate whether counsel failed to raise 'a particular nonfrivolous issue [that] was clearly stronger than issues that counsel did present' on direct appeal." *Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Appellate Counsel, though directed by Petitioner was not required to raise every single remotely possible claim, especially in light of United States Supreme Court wisdom

that "[a] brief that raises every colorable issue runs the risk of burying good arguments." *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983).  *See also Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) ("However, appellate counsel 'need not (and should not) raise every nonfrivolous issue.' . . . Accordingly, although 'it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent.'") (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)) (internal citations omitted).

Accordingly, the Supreme Court of Virginia's decision was neither unreasonable nor contrary to well-established federal law, and the undersigned **RECOMMENDS** that Claim 8 be **DISMISSED**.

### 9. Claim 9

In Claim 9, Petitioner alleges that "the cumulative effect of the claimed violations committed by the Commonwealth of Virginia in his case clearly deprived, prejudiced and violated his applicable constitutional rights to Due Process and a Fair Trial." ECF No. 2 at 2. The undersigned finds that in denying Petitioner's State habeas petition, the Supreme Court of Virginia determined that this claim was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and thus, is not cognizable in a petition for a writ of habeas corpus." ECF No. 1, attach. 4 at 5 (citing *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975)).

As clearly established by Fourth Circuit case law, "[i]n Virginia, the basic procedural bar rule is a simple one: no writ will be granted on the basis of any legal or factual claim the petitioner could have made previously, but did not." *Pruett v. Thompson*, 771 F. Supp. 1428, 1437 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Slayton v. Parrigan*, 215 Va.

27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975); Va. Code Ann. § 8.01–654(B)(2)). Here, it appears that the Supreme Court of Virginia interpreted the "Commonwealth of Virginia" to refer to the Commonwealth's Attorney. *See* ECF No. 1, attach. 4 at 5. Based on a review of the Virginia Court of Appeals' *per curiam* denial of Petitioner's direct appeal, it appears that on direct appeal Petitioner did not allege error (or cumulative error) specifically based on the prosecution's actions (or omissions); rather, all of the issues raised on direct appeal addressed the Trial Court's denials of Petitioner's various evidentiary motions and refusal to give a jury instruction proposed by Petitioner. *See* ECF No. 1, attach. 1. *See also Johnson v. Clarke*, No. 1:13CV423 LO/IDD, 2014 WL 3697405, at \*5 (E.D. Va. July 23, 2014) ("The Fourth Circuit has consistently held that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'" ) (quoting *Mu'min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997)). Notwithstanding the applicability of a procedural bar to Claim 9, it cannot be said that the Virginia Supreme Court acted unreasonably in applying United States Supreme Court law, or acted contrary thereto, based on "the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). Such record included, of course, the outcome of Petitioner's direct appeal to the Virginia Court of Appeals. *See* ECF No. 1, attach. 4.

Because Petitioner specifically alleges errors committed by ***the Commonwealth***, the Court would ordinarily limit its review to the allegations regarding the prosecution and the various State courts; the only entities that could reasonably be considered as part of "the Commonwealth." *See* ECF No. 2 at 2 (alleging error based on "the cumulative effect of the claimed violations committed by ***the Commonwealth of Virginia*** . . .") (emphasis added). However, in the interest of keeping with well-established precedent of affording *pro se* habeas

petitioners' pleadings the benefit of liberal construction, the Court also considers the extent to which Claim 9 attempts to assert a cumulative error of ineffective assistance by Appellate Counsel. *See e.g., Gordon v. Braxton*, 780 F.3d 196, 203 (4th Cir. 2015) ("Moreover, Gordon was *pro se*, and Virginia courts in habeas corpus proceedings 'do not expect or require high standards of legal draftsmanship of petitioners filing petitions *pro se*.' . . . We therefore think it proper to consider both Gordon's affidavit and his unsworn petition in determining whether the state court adjudicated Gordon's claim on the merits.") (quoting *Strickland v. Dunn*, 219 Va. 76, 244 S.E.2d 764, 767 (1978)) (internal citations omitted). Nonetheless, the very same reasoning that undergirds this Court's rejection of his individual claims of ineffective assistance of appellate counsel (Claims 2, 5, and 8) so too requires the Court to reject Claim 9's allegation of collective appellate counsel ineffectiveness. *See Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998) ("Fisher argues that the cumulative effect of his trial counsel's individual actions deprived him of a fair trial. We disagree. Having just determined that none of counsel's actions could be considered constitutional error . . . it would be odd, to say the least, to conclude that those same actions, when considered collectively, deprived Fisher of a fair trial.") (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 n.2 (1993) ("[U]nder *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an error of constitutional magnitude occurs in the Sixth Amendment context only if the defendant demonstrates (1) deficient performance and (2) prejudice.")) (internal citations omitted). *See also United States v. Russell*, 34 F. App'x 927, 927–28 (4th Cir. 2002) ("In *Fisher*, we held that it is not appropriate to consider the cumulative effect of attorney error when the individual claims of ineffective assistance do not violate the defendant's constitutional rights. . . . The individual claims in *Fisher* were reviewed on the merits and determined not to amount to error. Thus, cumulatively, we held they could not amount to

error.") (citing *Fisher v. Angelone*, 163 F.3d 835, 852-53 (4th Cir. 1998); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) (stating that cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors)).

Accordingly, since Petitioner failed to demonstrate that cumulative errors of the Commonwealth's Attorney, the State courts, or Appellate Counsel violated his right to due process and a fair trial, Supreme Court of Virginia's decision rejecting his claim was not unreasonable, and therefore the undersigned **RECOMMENDS** that Claim 9 be **DISMISSED**.

**D. Petitioner's Motion for Reconsideration (ECF No. 18)**

In addition to his *pro se* Petition, Petitioner also moved the Court to reconsider its previous denials of Petitioner's Motion to Compel (ECF No. 3), Petitioner's Motion to Compel Production of Trial Court Transcripts (ECF No. 14), and Petitioner's Motion for Production and Motion for Evidentiary Hearing (ECF No. 16). *See* ECF No. 17 (August 15, 2017 Order denying ECF Nos. 3, 14, and 16). In his Motion for Reconsideration, Petitioner contends that he needs the requested Trial Court Transcripts to demonstrate that he repeatedly asked for the SANE protocol, but never received it, which, according to Petitioner, is proof that he did not default on his *Brady* claims. ECF No. 18 at 2, ¶¶ 4-8. Petitioner's argument misses several key points relevant to the Court's initial denial of Petitioner's requests for discovery, and now, relevant to the Court's denial of the same on reconsideration.

As an initial matter, the Court notes that "[u]nlike other civil litigants, a § 2254 habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "Instead, [Petitioner] must 'show good cause before he is afforded an opportunity for discovery.'" *Stephens,* 570 F.3d at 213 (quoting *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998),

*cert. denied*, 526 U.S. 1013 (1999)) (other citations omitted). The Fourth Circuit has held that "[a] showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief once the facts are fully developed." *Stephens*, 570 F.3d at 213 (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)) (other citation omitted). *See also, Shanklin v. Dir. of the Dep't of Corr.*, 3:11CV29, 2012 WL 443521, at \*6 (E.D. Va. Feb. 10, 2012) (denying the petitioner's request for discovery and an evidentiary hearing under standards enunciated by the Fourth Circuit in *Stephens*).

The reasons provided in support of Petitioner's request do not rise to the level of "good cause" because the Court finds that the presence or absence of Trial Transcripts would not save Petitioner's meritless allegation that the Commonwealth committed *Brady* violations by failing to provide him with copies of the SANE protocol. To be sure, no one, and least of all the Commonwealth, appears to contest that Petitioner repeatedly asked for copies of the SANE protocol and that such requests were denied or otherwise not granted. In fact, an excerpted transcript from March 26, 2012 submitted by Petitioner clearly establishes that Petitioner requested the SANE protocol at least twice, first at an earlier motions hearing before "Judge West" and that Petitioner essentially renewed his request on March 26, 2012, prior to the commencement of Petitioner's first trial. *See* ECF No. 2, attach. 9 at 3 (Tr. 12:11-13) ("I stated that I wanted protocols concerning the compilation of the SANE."). Rather, the issue is that the Commonwealth was under no obligation, pursuant to *Brady* or otherwise, to provide Petitioner with a copy of the SANE protocol. As articulated by the Supreme Court of Virginia in its dismissal of Petitioner's State habeas petition,

> Petitioner describes that, although he requested the Commonwealth provide him with a copy of the protocol, the Commonwealth responded it was unavailable. Petitioner claims he learned the protocol was available while his direct appeal was pending in this Court. Petitioner hired a private investigator, who confirmed the

protocol is readily accessible with a commonly available internet search engine, Google. Petitioner claims, therefore, that the Commonwealth did not conduct a sufficient search when attempting to fulfill his request for the protocol and, instead, incorrectly assured him the protocol was not available. The Court holds that claim (4) is barred under *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975), because petitioner's claims necessarily acknowledge the protocol was publically available and easily discovered at the time of his trial.

ECF No. 1, attach. 4 at 3 (citing *Porter v. Warden,* 283 Va. 326, 330, 111 S.E.2d 534, 541 (2012)

(holding *Brady* claim procedurally barred because the allegedly withheld evidence was available

to the petitioner in public records)). Here, the Court's denial of Petitioner's request is informed

primarily by the fact that the proffered purpose for the Transcripts will do nothing to salvage a

meritless claim. Stated another way, because the Court found that the Petitioner's substantive

claim regarding the Commonwealth's alleged failure to produce the SANE protocol is fruitless,

there is no reason to now, on reconsideration, grant Petitioner's motion for discovery that is will

have no appreciable effect on the issues before the Court. *See Stephens v. Branker*, 570 F.3d

198, 213 (4th Cir. 2009) ("Put simply, Stephens's discovery request is deficient because-

although he has identified specific information sought-he has not demonstrated that such

discovery would result in him being entitled to habeas relief on the conflict claim. Stephens has

made no showing that the information sought is material to the merits of his conflict claim."").

While Petitioner's request undoubtedly amounts to more than mere speculation as to what the

requested discovery will demonstrate, namely, what the specific Trial Transcripts encapsulate,

the request does not meet the overarching prerequisite of good cause or demonstrates the

material value of the same. *See e.g., Shanklin v. Dir. of Dep't of Corr.*, No. 3:11CV29, 2012 WL

443521, at *6 (E.D. Va. Feb. 10, 2012) ("Shanklin fails to demonstrate that he would be entitled

to habeas corpus relief with further development of the facts surrounding Claim 2.").
Accordingly, Petitioner's Motion for Reconsideration (ECF No. 18) is **DENIED**.

### III.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to
Dismiss, ECF No. 8, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and
**DISMISSED WITH PREJUDICE.**

### IV.   REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Gallop is notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific
written objections to the above findings and recommendations within fourteen days from the date
this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. §
636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of
Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections
within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R.
Civ. P. 72(b).

2.  A United States District Judge shall make a *de novo* determination of those portions of
this Report and Recommendation or specified findings or recommendations to which objection is
made.  The parties are further notified that failure to file timely specific written objections to the
above findings and recommendations will result in a waiver of the right to appeal from a
judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.
140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985);
*United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 1, 2018